D. Mack's Motion to Transfer
Mack argues that transfer to the Northern District of Ohio is compelled because Ohio Rev. Code § 4113.62(D)(1) and Ind. Code § 32-28-3-17 void the contracts' choice of law and forum selection clauses. According to Mack, I should declare these provisions void because "[u]nder well-settled Ohio and Indiana law, those forum-selection clauses are void and unenforceable because they relate to construction projects in those states." ECF No. 16 at 1.
But this argument rests on the assumption that Ohio law and Indiana law govern these respective contracts, something that Mack has not established. Nor does Mack establish that, should Wisconsin law apply, these clauses are invalid under Wisconsin contract law. As discussed above, I cannot perform an adequate Wisconsin choice of law analysis required of a federal court sitting in diversity in Wisconsin based on the facts and arguments before me. Thus, I cannot determine which state substantive law applies and if the contracts' choice of law and forum selection clauses are therefore valid. I cannot invalidate these clauses based on Ohio and Indiana law because Mack does not prove that Ohio and Indiana law govern the respective contracts. For the same reason, I cannot transfer or otherwise dismiss the Ohio claim on the basis Ohio law mandates litigation in the Ohio.
Further, I conclude that convenience and the interest of justice do not require transferring this case to the Northern District of Ohio. Section 1404(a) authorizes district courts to transfer venue "for the convenience of parties and witnesses, in the interest of justice..." Kubin-Nicholson Corp. v. Gillon , 525 F.Supp.2d 1071, 1075 (E.D.Wis.2007). The movant must establish that the proposed transferee forum is clearly more appropriate than the original. Id . Both Wisconsin and Ohio have connections to this suit and neither state has a discernably greater interest in having the case litigated in a local court than the other. Plaintiff's choice of forum favors litigation in Wisconsin.
*956 Finally, while these are distinct claims, they involve the same parties who are already here in this district in a single, consolidated action. Multiple lawsuits are not more efficient than one. The Northern District of Ohio is not clearly more appropriate and thus transfer is not warranted. I deny Mack's motion to transfer.
III. CONCLUSION
The parties do not address the choice of law and forum selection issues under state law. Atlantic Marine is applicable to forum selection clauses that are already deemed valid. 571 U.S. at 62 n. 5, 134 S. Ct. 568 ("Our analysis presupposes a contractually valid forum-selection clause."). Based on the limited facts and legal arguments set out in each party's pleadings and briefs, I cannot analyze the choice of law and forum selection issues within the framework laid out by the Seventh Circuit; it is impossible for me to either enforce or invalidate these clauses and therefore I cannot find that either J3 or Mack has met its burden as a moving party. Accordingly, I deny the parties' motions.
THEREFORE, IT IS ORDERED that Plaintiff's motion for remand to state court in Ozaukee County, Wisconsin is DENIED and Defendant's motion for transfer to the Northern District of Ohio is DENIED .